UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EUGENE BAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00482-JPH-MG |
| ) | |
| DUSHAN ZATECKY, ) | |
| HENTON, ) | |
| FAGOROYE, ) | |
| MCCULLOUGH, ) | |
| ETHRIDGE, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff William Baugh is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He was previously incarcerated at Putnamville Correctional Facility. Mr. Baugh filed this prisoner civil rights action alleging various Putnamville officials were deliberately indifferent to the risk of serious harm he faced when being transported back to Putnamville after he had just undergone surgery. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Baugh has sued five defendants: Warden Dushan Zatecky, Custody Supervisor Henton, Sgt. Fagoroye, Sgt. McCullough, and Sgt. Ethridge. His complaint makes the following allegations.

In July 2022, Mr. Baugh had surgery at Terre Haute Regional Hospital. When he was ready to return to Putnamville Correctional Facility, hospital nurses contacted officers at Putnamville to tell them to transport Mr. Baugh in an accessible vehicle.

Sgt. Fagoroye and Sgt. McCullough later arrived at the hospital to transfer Mr. Baugh. The van that they were driving was not accessible and did not have any air conditioning. Mr. Baugh was forced to get out of his wheelchair and crawl into the van. While he was entering the van, he fell and suffered injuries. During transport from the hospital, Mr. Baugh fainted multiple times because there was

2

no air conditioning or opened windows in the van. Mr. Baugh later was treated for his injuries from the fall, though he still has lingering pain.

Mr. Baugh seeks money damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Mr. Baugh's claims against Warden Zatecky, Supervisor Henton, and Sgt. Ethridge are dismissed. Mr. Baugh has not plausibly alleged any of these defendants were involved in the transport nor is there any factual content suggesting they otherwise participated in any deprivation. *Johnson v. Rimmer*, 936 F.3d 695, 710 (7th Cir. 2019) ("In an action under § 1983, the plaintiff must establish individual liability . . . Thus, [the plaintiff] must be able to establish [the defendant's] personal involvement in the alleged constitutional deprivation.") (cleaned up); *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (individual defendants cannot be held liable under § 1983 unless they had some personal involvement in the alleged deprivation). These claims are therefore **dismissed**.

On the other hand, Mr. Baugh has plausibly alleged Sgt. Fagoroye and Sgt. McCullough were deliberately indifferent to the risk of serious harm he faced while being transported. This states an Eighth Amendment claim. *Rasho v. Jeffreys*, 22 F.4th 703, 709–10 (7th Cir. 2022) (prison officials may be liable under the Eighth Amendment where they act deliberately indifferent to an objectively serious risk of harm); *see also Hoggatt v. R.D.C. Facility, et al.*, No. 1:19-cv-04142-JRS-MPB (S.D. Ind. 2019) (Dkt. 13) (screening through Eighth

3

Amendment claim where inmate with disabilities suffered injuries during transport after officers failed to secure him). These claims shall **proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 25, 2023,** in which to identify those claims. Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to terminate Warden Dushan Zatecky, Custody Supervisor Henton, and Sgt. Ethridge as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sgt. Fagoroye and Sgt. McCullough in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 27, 2022, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically

**SO ORDERED.**

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

Electronic service to Indiana Department of Correction employees:
    Sgt. Fagoroye
    Sgt. McCullough
    (All at Putnamville Correctional Facility)


WILLIAM EUGENE BAUGH
913588
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only