UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EUGENE BAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00482-JPH-MG |
| | ) |
| FAGOROYE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff William Eugene Baugh alleges that prison officials were deliberately indifferent to the risk of serious harm he faced when being transported back to Putnamville Correctional Facility ("PCF") after knee surgery. Defendants Sergeant McCullough and Sergeant Fagoroye have moved for summary judgment on Mr. Baugh's claims. For the reasons below, Defendants' motion, dkt. [76], is **GRANTED**.

# I.
# Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility

1

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Baugh and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

On July 1, 2022, Mr. Baugh was discharged from Terre Haute Regional Hospital following recovery from his right knee replacement surgery. Dkt. 77-1

at 24–25, 29 (Baugh Deposition).  Mr. Baugh had an immobilizer on his right knee that prevented the joint from bending.  *Id.* at 39.  His left knee was in good condition, and Mr. Baugh was able to stand on his left leg to move from his hospital bed to his wheelchair.  *Id.* at 25, 49.

Sgt. Fagoroye and another officer provided Mr. Baugh's transport from Terre Haute Regional Hospital to PCF.  *Id.* at 41.  Sgt. McCullough stated in his affidavit that he was not present or involved in any way in Mr. Baugh's transport.  Dkt. 77-4 at 1.

Mr. Baugh exited the hospital by wheelchair, dkt. 77-1 at 33, but the van used to transport him was not wheelchair accessible, *id.* at 31.  The van had side doors with two steps to get up into the van.  *Id.* at 40.  Sgt. Fagoroye and the other officer instructed Mr. Baugh to get in the van.  *Id.* at 41.  Mr. Baugh did not ask for help getting into the van.  *Id.* at 49.  After Mr. Baugh got out of his wheelchair and was standing on his left leg, Sgt. Fagoroye asked Mr. Baugh what he was doing, and Mr. Baugh said, "I'm falling, man."  *Id.* at 51.  Sgt. Fagoroye did not attempt to reach for Baugh or grab him.  *Id.*  Mr. Baugh fell on the steps of the van, hitting his right outside thigh.  *Id.*

After Mr. Baugh fell, Sgt. Fagoroye further instructed Mr. Baugh to get into the van, and he lifted himself onto the van seat.  *Id.* at 51–52.  Sgt. Fagoroye fastened Mr. Baugh's seatbelt.  *Id.* at 52.  That day, the temperature was 90 degrees or higher.  *Id.* at 18.  The van was not air-conditioned, and the windows were not open.  *Id.* at 54.  Mr. Baugh complained to the officers that there was no ventilation in the back of the van.  *Id.*  One of the officers

responded that Mr. Baugh would be okay. *Id.* at 56. Sgt. Fagoroye indicated to the other officer that he thought Mr. Baugh may have hurt himself when he fell. *Id.*

During the ride to PCF, Mr. Baugh passed out twice, although he does not know how long he passed out. *Id.* at 58–59. Both times, Mr. Baugh informed the officers of his passing out, and the officers told him that they thought he would be okay. *Id.* at 58–60. After arriving at PCF, Mr. Baugh exited the van by sliding down the steps. *Id.* at 62. Mr. Baugh was provided a wheelchair and was seen and evaluated by PCF medical staff. *Id.* at 63; dkt. 77-3 at 1–4.

## III.
## Discussion

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

### A. Sgt. McCullough

Sgt. McCullough first argues that he is entitled to summary judgment because he lacked personal involvement in Mr. Baugh's transport from the hospital. *See* dkt. 78 at 8–9.

"To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Here, the undisputed facts establish that Sgt. McCullough was not personally involved in the events underlying Mr. Baugh's claims. In his affidavit, Sgt. McCullough attests that he worked a different shift, specifically the 6:00 P.M. – 6:00 A.M. shift, during all times relevant to Mr. Baugh's complaint and that he was neither present nor involved in any other way in Mr. Baugh's transport. *See* dkt. 77-4 at 1, ¶¶ 4–5. In response, Mr. Baugh concedes that he believes another officer—not Sgt. McCullough—was involved in transporting him from the hospital back to the prison. *See* dkt. 81 at 1–2. Because Mr. Baugh did not designate evidence showing that Sgt. McCullough was personally involved in the alleged deprivation, Sgt. McCullough is entitled to summary judgment. *Whitfield*, 76 F.4th at 706.

### B. Sgt. Fagoroye

Sgt. Fagoroye argues that he is entitled to qualified immunity because (1) there was no constitutional violation and (2) at the time Mr. Baugh was transported from the hospital back to the prison, there was no clearly

5

established right for a prisoner be transported in an air-conditioned, wheelchair-accessible van after knee replacement surgery. Dkt. 78 at 7.

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). This "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). Qualified immunity thus "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231.

In considering a qualified immunity defense, courts evaluate "(1) whether the facts, taken in the light most favorable to the plaintiff[ ], show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). The "difficult part" of the qualified-immunity test is "identifying the level of generality at which the constitutional right must be clearly established." *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013). A "high level of generality" is not appropriate; instead, the question is "whether the law was clear in relation to the specific facts confronting the public official when he acted." *Id.*

6

Qualified immunity applies unless the specific contours of the right "were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014). "A rule is too general if the unlawfulness of the officer's conduct 'does not follow immediately from the conclusion that [the rule] was firmly established.'" *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018) (quoting *Anderson*, 483 U.S. at 641). While "a case directly on point" is not required, "existing precedent must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam) (cleaned up). Put slightly differently, a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (per curiam).

When the affirmative defense of qualified immunity is raised, "the burden shifts to the plaintiff to defeat it." *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019). To meet his burden, Mr. Baugh must "show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand or that the violation was so obvious that a reasonable person necessarily would have recognized it as a violation of the law." *Id.* (quoting *Howell v. Smith*, 853 F.3d 892, 897 (7th Cir. 2017)). The failure to do so means a plaintiff "cannot defeat" a "qualified immunity defense." *Findlay v. Lendermon*, 722 F.3d 895, 900 (7th Cir. 2013) (reversing summary judgment grant because plaintiff did not identify a sufficiently analogous case or explain why defendant's actions were plainly

7

excessive); *Soriano v. Town of Cicero*, 521 F. App'x 565, 567 (7th Cir. 2013). The Court may evaluate the "clearly established" prong without reaching the first prong as to whether a constitutional violation occurred. *Kemp v. Liebel*, 877 F.3d 346, 351 (7th Cir. 2017).

Here, Mr. Baugh has not identified an analogous case dealing with facts similar to this lawsuit, nor has he explained why Defendants' actions were so obviously violative of the Eighth Amendment that any reasonable person would have recognized them as such. *See Findlay*, 722 F.3d at 900. As the Seventh Circuit has explained, that's fatal to overcoming a qualified immunity defense. *Id.*; *Soriano*, 521 F. App'x at 567.

Moreover, the Court's review of Eighth Amendment case law does not indicate that Mr. Baugh had a clearly established right to be transported from the hospital back to the prison in an air-conditioned, wheelchair-accessible van after knee replacement surgery. *See Smith v. Price*, No. 1:21-cv-00373-JMS-CSW, 2024 WL 278143, at *11 (S.D. Ind. Jan. 25, 2024) (granting summary judgment for defendants when plaintiff "was exposed to uncomfortable temperatures in the summer heat for around two-hours" during van ride between prison and hospital); *Wheeler v. Godinez*, No. 13-CV-964-NJR-RJD, 2016 WL 5394385, at *4 (S.D. Ill. Sept. 27, 2016) ("The Supreme Court and the Seventh Circuit have not yet held, however, that prisoners are entitled to air conditioned cells."); *Tesch v. County of Green Lake*, 157 F.3d 465, 475–76 (7th Cir. 1998) (affirming summary judgment for defendants on pretrial detainee's due process claim because he could not "satisfy the deliberate indifference

8

standard" when he was placed in a wheelchair-accessible cell but "had limited access to the toilet and sink and no access to the shower" for two days); *Strominger v. Brock*, 2:10–cv–00158–LJM–DKL, 2014 WL 268444, at *8 (S.D. Ind. Jan. 23, 2014) (granting summary judgment for defendants when wheelchair-bound plaintiff was placed in non-handicap accessible cell for eight days).

Sgt. Fagoroye is entitled to qualified immunity as to Mr. Baugh's claims.

### C. Mr. Baugh's Motion for Settlement

Finally, Mr. Baugh has filed a "Motion for Settlement," in which he seeks a monetary award in his favor. *See* dkt. 83. As stated above, Defendants are entitled to summary judgment on Mr. Baugh's claims. Accordingly, Mr. Baugh's motion, dkt. [83], is **DENIED**.

### IV.
### Conclusion

Defendants' motion for summary judgment, dkt. [76], is **GRANTED**. Consistent with this ruling, Mr. Baugh's motion for a monetary award in his favor, dkt. [83], is **DENIED**. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 9/26/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

WILLIAM EUGENE BAUGH
9 Schuyler Ave
Muncy, PA 17756